Filed 10/5/22  P. v. Wigiert CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>  v.<br><br>MATTHEW ALAN WIGIERT,<br><br>    Defendant and Appellant. | C095664<br><br>(Super. Ct. No. P20CRF0351) |

Defendant Matthew Alan Wigiert agreed to a stipulated sentence that included a stayed upper term in exchange for a grant of five years' felony probation.  After defendant violated that probation, the trial court lifted the stay on the four-year eight-month prison sentence.  Defendant appeals arguing we should reverse this sentence and remand the matter for resentencing in light of the passage of Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567), which altered the methodology for selecting an appropriate triad term.  (§ 1170, subd. (b); Stats. 2021, ch. 731, eff. Jan. 1, 2022.)  For the reasons we shall explain, we disagree and will affirm the judgment.

1

# I

# BACKGROUND

The People's amended consolidated criminal information charged defendant with stalking (Pen. Code, § 646.9, subd. (b)—count 1)[1]; resisting, delaying, or obstructing an officer (§ 148, subd. (a)(1)—count 2); corporal injury on a dating partner (§ 273.5, subd. (a)—count 3); criminal threats (§ 422, subd. (a)—count 4); vandalism (§ 594, subd. (b)(2)—count 5); possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a)—count 6); and violating a domestic relations court order (§ 273.6, subd. (a)—counts 7-13). The information further alleged that as to counts 1, 3, and 4, defendant had suffered a prior strike (§ 667, subds. (b)-(i)), had suffered a prior serious felony conviction (§ 667, subd. (a)(1)), and had been out on bail when the crimes occurred (§ 12022.1).

On July 27, 2021, defendant pled no contest to counts 3 and 4 in exchange for the dismissal of the remaining counts with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 and a midterm prison sentence of three years eight months. Following a consultation with the victim and in order to allow defendant to care for his parents, on October 25, 2021, the People and defendant entered into a new deal that included a stayed, upper principal term of four years eight months, and a grant of five years' felony probation. The deal specified the stay would be lifted if defendant violated his probation in any way.

Defendant violated his probation in December 2021 by possessing methamphetamine, and on January 31, 2022, the trial court lifted the stay on the defendant's four-year eight-month prison sentence. Defendant timely appealed.

---

[1] Undesignated statutory references are to the Penal Code.

2

## II

## DISCUSSION

Defendant argues his sentence must be reversed and the matter remanded for resentencing in light of the legislative changes brought about by Senate Bill 567. The People counter defendant forfeited this argument by not raising it at his January 31, 2022 sentencing hearing, and further argue on the merits that defendant does not benefit from the legislative changes brought about by Senate Bill 567 because he agreed to a stipulated term. We agree with the People.

Effective January 1, 2022, pursuant to Senate Bill 567, when a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the trial court must impose a term not exceeding the middle term unless there are circumstances in aggravation that justify the imposition of a term exceeding the middle term and the facts underlying those aggravating circumstances (1) have been stipulated to by the defendant, (2) have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial, or (3) relate to the defendant's prior convictions and are based on a certified record of conviction. (§ 1170, subd. (b)(1)-(3); Stats. 2021, ch. 731, Legis. Counsel's Digest.)

The trial court lifted the stay on defendant's sentence on January 31, 2022, just short of a month *after* Senate Bill 567's effective date. (Stats. 2021, ch. 731, eff. Jan. 1, 2022.) Accordingly, this ameliorative legislation was in effect at the time of defendant's final sentencing and his failure to raise the applicability of Senate Bill 567 has forfeited the argument on appeal. (*People v. Scott* (1994) 9 Cal.4th 331, 351; *People v. Flowers* (2022) 81 Cal.App.5th 680, 683-684.)

Further, even if defendant had objected at the sentencing hearing, defendant does not benefit from Senate Bill 567's ameliorative changes because he agreed to a stipulated sentence that included an upper term. Thus, the trial court did not exercise its discretion when it lifted the stay at the January 31, 2022 sentencing and allowed the upper term

3

sentence to go into effect. Rather, section 1170, subdivision (b)(1) did not, and does not, apply to defendant's case, and the changes to the statute do not make any difference in defendant's sentencing. Section 1170, subdivision (b) simply does not apply to defendant's stipulated sentence.

The reasoning in *People v. Brooks* (2020) 58 Cal.App.5th 1099 (*Brooks*), which considered the application of similar legislative changes, is persuasive. In *Brooks*, the defendant agreed to a stipulated sentence in a plea agreement. (*Id*. at p. 1102.) After the trial court sentenced the defendant, the Legislature enacted section 1170.91, which required the trial court to consider trauma a defendant suffered as a result of military service as a mitigating factor when imposing a sentence under section 1170. (*Brooks*, at pp. 1103-1104.) The trial court denied the defendant's petition to recall his sentence under the new law, finding it had no power to resentence him because he had agreed to a stipulated term in his plea agreement. (*Id*. at p. 1103.) The appellate court concluded because the defendant stipulated to the term of his sentence in the plea agreement, the trial court did not apply judicial discretion at the time it sentenced him and had no discretion on resentencing, because to do so would unlawfully modify the terms of his plea agreement. (*Id*. at pp. 1106-1107.) Once the trial court accepted the plea agreement, it was required to impose a sentence within the limits of that plea bargain. (*Ibid*.) As a result, when the court sentences a defendant to a stipulated term, it is not exercising its "triad sentencing discretion." (*Id*. at p. 1107.)

In other words, " 'when a trial court sentences a defendant who has agreed to a stipulated sentence for a term of years, the trial court exercises no discretion to decide between an upper, middle and lower term and may not consider factors in mitigation and aggravation. Therefore, the trial court is not "imposing a term under subdivision (b) of Section 1170." (§ 1170.91, subd. (a).)' " (*Brooks*, *supra*, 58 Cal.App.5th at p. 1109.) Other courts have concluded similarly. (*People v. King* (2020) 52 Cal.App.5th 783, 791; *People v. Pixley* (2022) 75 Cal.App.5th 1002, 1007-1008.)

4

Like the statute in *Brooks*, the relevant changes in Senate Bill 567 rest on the trial court's exercise of its sentencing discretion under section 1170, subdivision (b). In defendant's case, the trial court imposed a sentence in accordance with the plea agreement, which included an upper term of four years for the section 273.5 conviction and a consecutive eight-month sentence for the section 422 conviction. The trial court accepted the plea agreement and did not exercise any discretion to impose the lower, middle, or upper term sentence under section 1170, subdivision (b). Thus, as in *Brooks*, the trial court had no discretion but to sentence defendant to the agreed upon term. (*Brooks*, *supra*, 58 Cal.App.5th at pp. 1106-1107.) Because defendant was not sentenced under section 1170, subdivision (b), the changes made by Senate Bill 567 do not affect defendant's sentence.

## DISPOSITION

The judgment is affirmed.

/s/
BOULWARE EURIE, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
HULL, J.

5